IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK CASISSA,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST REPUBLIC BANK, also known as, MERRILL LYNCH BANK & TRUST COMPANY, FSB,<br><br>    Defendant.<br>_____/ | No. C 09-04129 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br>(Docket No. 21) |
| ELIZABETH RIGGINS,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST REPUBLIC BANK, also known as, MERRILL LYNCH BANK & TRUST COMPANY, FSB,<br><br>    Defendant.<br>_____/ | (consolidated with 09-4129) |

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant First Republic Bank moves to dismiss Plaintiffs Frederick Cassisa's and Elizabeth Riggins's claims.  Plaintiffs oppose the motion.  The motion was taken under submission on the papers.  Having considered all the papers submitted by the parties, the Court GRANTS Defendant's Motion and dismisses Plaintiffs' claims

with leave to amend.

## BACKGROUND

Plaintiffs are California residents who were employees of Defendant, a Nevada banking corporation with a principal place of business located in San Francisco, California. They bring state law claims related to Defendant's termination of their employment. The following allegations are contained in their complaints.

Defendant employed Mr. Casissa as a Secrecy Act officer and Secrecy Act compliance officer. Mr. Casissa supervised Ms. Riggins, who ended her employment with Defendant as an anti-money-laundering manager. Plaintiffs maintain that they were under legal duties to, among other things, report evidence of suspicious money laundering activity to the Financial Crimes Enforcement Network (FCEN), a bureau of the U.S. Department of the Treasury.

In 2007 and 2008, Plaintiffs learned of "irregularities in the banking operations of the Bank." Casissa First Am. Compl. (FAC) ¶ 11; Riggins FAC ¶ 11. Ms. Riggins reported her observations to Mr. Casissa, who reported the irregularities to Edward Dobranski. Mr. Dobranski was Mr. Casissa's immediate supervisor and vice president and general counsel for Defendant. Mr. Dobranski instructed Plaintiffs "to disregard such irregularities and do nothing about them." Casissa FAC ¶ 12; Riggins FAC ¶ 13. Mr. Casissa informed Mr. Dobranski that he "refused to participate in any conduct contrary to law and regulations governing" his responsibilities, Casissa FAC ¶ 11; Ms. Riggins informed Mr. Casissa and other unnamed individuals of the same, Riggins FAC ¶ 12.

On or about March 11, 2008, Plaintiffs learned that, in

2

August, 2007, Defendant had been served with a subpoena for banking records.  Mr. Casissa asked Mr. Dobranski whether he should take any action concerning the subpoena.  Mr. Dobranski told Mr. Casissa and/or Ms. Riggins "not to worry about the subpoena and to do nothing about it."  Casissa FAC ¶ 11; Riggins FAC ¶ 12.  Plaintiffs again stated that they refused to participate in any conduct contrary to law.

On March 14, 2008, Mr. Casissa informed Robert Werner at M-L Bank[1] of his concerns regarding the subpoena.  Mr. Werner stated that he had no prior knowledge of the subpoena.  Later that day, Ms. Riggins spoke with Mr. Werner and Joanna Hendon, "inside counsel" for Merrill Lynch & Co., Inc.  During their respective conversations, Plaintiffs repeated that they refused to participate in any conduct contrary to law.

Beginning in or about March, 2008, Defendant engaged in acts of retaliation against Plaintiffs, which culminated in the termination of their employment on May 29, 2009.  Defendant indicated to Plaintiffs that the terminations were the result of restructuring and reorganization.

Plaintiffs bring claims under California law, asserting that Defendant violated California Labor Code section 1102.5(c) and terminated their employment in violation of public policy.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

---

[1] Defendant indicates that Plaintiffs are likely referring to Merrill Lynch Bank and Trust, FSB, which was Defendant's parent company at that time.

3

Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

DISCUSSION

I.  Claims under California Labor Code Section 1102.5

California Labor Code section 1102.5(c) forbids an employer

4

from taking retaliatory action against an employee for "refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."  The California Legislature intended "to protect employees who refuse to act at the direction of their employer or refuse to participate in activities of an employer that would result in a violation of law."  Act of Sep. 22, 2003, ch. 484, § 1, 2003 Cal. Legis. Serv. 484.

To plead a prima facie case under section 1102.5, Plaintiffs must allege that (1) they engaged in a protected activity, (2) Defendant subjected them to adverse employment actions and (3) there is a causal link between the two.  Mokler v. County of Orange, 157 Cal. App. 4th 121, 138 (2007).

Plaintiffs do not sufficiently plead that they engaged in a protected activity.  They appear to allege that they refused to follow Mr. Dobranski's instruction to disregard their legal duties to report suspicious activity.  However, Plaintiffs' complaints do not identify the statutes or regulations from which their purported legal duties arose.  They cite the Bank Secrecy Act of 1970 and the Money Laundering Control Act of 1986, but they do not point to any provisions of these laws that imposed upon them a personal legal duty to report suspicious activity to the FCEN.  Although the Court generally takes factual assertions as true, it need not accept Plaintiffs' legal conclusion that they were subject to such obligations.  As Plaintiffs themselves plead, these statutes "relate to the obligation of the Bank to create and file Suspicious Activity Reports with" the FCEN.  Casissa FAC ¶ 11; Riggins FAC ¶ 11.  Thus, the reporting obligation runs to Defendant, not

5

Plaintiffs. Therefore, to state a claim under section 1102.5(c), Plaintiffs would have to plead that Mr. Dobranski instructed them to prevent or to participate in preventing Defendant from filing a Suspicious Activity Report (SAR). Alternatively, they could aver that a specific statute or regulation imposes on them a personal legal duty, by virtue of their position or otherwise, to report the irregularities and that Defendant instructed them to disregard this duty. Plaintiffs plead neither.

Assuming Plaintiffs had a personal obligation, they do not allege how these so-called irregularities triggered a duty to report. Citing 12 C.F.R. § 21.11(k), Plaintiffs argue that they cannot provide additional factual support because doing so would reveal confidential information. This argument is unavailing; Plaintiffs could move for leave to file portions of their complaints under seal and therefore preserve confidentiality. Plaintiffs also assert that the information concerning the irregularities is in Defendant's control. The Court disagrees. Plaintiffs base their complaints on allegations that they knew of these irregularities, which they claim they were required to report, but Defendant prevented them from doing so. Thus, under the facts as plead, Plaintiffs knew what these irregularities were and why they were wrong. Discovery is not required for Plaintiffs to find this information. Therefore, Plaintiffs' reasons for the lack of facts in their complaints are unpersuasive.

Plaintiffs' allegations concerning the grand jury subpoena also fail to provide a basis for their claim. Plaintiffs do not allege that they were under a legal duty to respond to the subpoena or that they were required to do so on behalf of Defendant. Nor do

6

they even plead that Defendant unlawfully failed to respond to the subpoena.

Even if they sufficiently plead protected activity, Plaintiffs do not allege facts to support causation. Plaintiffs claim that they engaged in protected activity from sometime in 2007 through March, 2008. However, Defendant did not terminate their employment until May 29, 2009. Plaintiffs offer no allegations concerning Defendant's acts of retaliation for the fourteen months, at the least, between when they reported the purported irregularities and when their employment ended. Thus, they do not adequately support their claims that their protected activity proximately caused Defendant to terminate their employment.

Plaintiffs do not allege in their complaints that Defendant directed them to engage in conduct that would have violated federal or state law.[2] Nor do they sufficiently plead causation. Accordingly, the Court dismisses Plaintiffs' section 1102.5(c) claims with leave to amend. Should they choose to file amended complaints, Plaintiffs must allege an instruction by Defendant, with which they refused to comply, that would have resulted in the

---

[2] In their opposition, Plaintiffs allege that they engaged in protected activity by refusing to "acquiesce in the alleged violations of the Bank Secrecy Act and the Money Laundering Control Act." Opp'n at 13. However, because these allegations were not included in Plaintiffs' complaints, the Court does not consider them. Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Even if these allegations were plead in their complaints, Plaintiffs do not allege facts supporting their contention that Defendant violated the Bank Secrecy Act or the Money Laundering Control Act. Thus, these statements constitute legal conclusions that the Court need not accept as true.

violation of federal or state law.  Plaintiffs must also allege facts to support their claim that their protected acts caused the termination of their employment.  If it is necessary for Plaintiffs to plead confidential information to support their claims, they may move for leave to file portions of their complaints under seal.

## II. Claims for Wrongful Termination in Violation of Public Policy

Under California law, an employee may maintain a tort cause of action against his or her employer when the employer's discharge of the employee contravenes fundamental public policy.  Foley v. Interactive Data Corp., 47 Cal. 3d 654, 666 (1988).  Such claims are often referred to as Tameny claims, after the decision in Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 176-177 (1980).  A claim for wrongful termination in violation of public policy must be based on a fundamental policy established by a constitutional, statutory or regulatory provision.  Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 76, 90 (1998).

Plaintiffs analogize their case to Collier v. Superior Court, in which the court concluded that an employee stated a cause of action for wrongful termination.  228 Cal. App. 3d 1117 (1991).  There, the plaintiff reported to higher management that he had suspicions that fellow employees were engaged in illegal conduct.  Id. at 1120-21.  Thereafter, the plaintiff was fired, purportedly for poor performance.  Id. at 1120.  The court held that the plaintiff's termination was in violation of public policy because "reporting suspicions of illegal conduct to the employer" advances the public interest.  Id. at 1127.

Here, unlike Collier, Plaintiffs have not plead that Defendant terminated their employment based on reports of suspicions of

8

illegal conduct.[3]  Instead, they allege that they recognized unspecified irregularities and reported them to Mr. Dobranski, who instructed them to take no independent action.  They do not contend that the irregularities constituted illegal conduct or that Defendant unlawfully failed to report the irregularities.  Without alleging that they reported illegal conduct, Plaintiffs have not plead that their termination was contrary to a "'fundamental' policy interest."  <u>Green</u>, 19 Cal. 4th at 85.  Although Plaintiffs "need not prove an actual violation of law," they must plead that they reported "'reasonably based suspicions' of illegal activity."  <u>Id.</u> at 87.  As noted above, if it is necessary for Plaintiffs to plead confidential information, they may do so and seek leave to file portions of their complaints under seal.

Accordingly, Plaintiffs' wrongful termination claims are dismissed with leave to amend.  If they choose to amend these claims, Plaintiffs must allege in their complaints that the termination of their employment violated a fundamental public policy.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.  (Docket No. 21.)  Plaintiffs' claims are dismissed with leave to amend to cure the deficiencies discussed above.  Plaintiffs shall file amended complaints within fourteen days of

---

[3] As above, Plaintiffs make allegations in their opposition that are not contained in their complaints.  For instance, they assert that they suspected "violations of the Bank's reporting obligations," Opp'n at 15, and that Defendant failed "to investigate and/or report potentially criminal activity," Opp'n at 16.  Plaintiffs do not make these allegations in their complaints.  If they intend to allege as much, they must do so explicitly in their complaints.

9

the date of this order.  In any amended complaint, Plaintiffs must also assert a basis for jurisdiction.  Currently, Plaintiffs' complaints do not cite a statute under which this Court has jurisdiction.  The Court notes that Plaintiffs, who are California residents, bring state law claims and that they plead that Defendant, a corporation, has a principal place of business in California.  Based on these allegations, jurisdiction under 28 U.S.C. § 1332 would not be proper.  Plaintiffs' failure to file amended complaints in accordance with this Order will result in the dismissal of their claims.

If Plaintiffs file amended pleadings, Defendant may file a motion to dismiss three weeks thereafter.

The case management conference, scheduled for April 20, 2010, is continued to June 24, 2010.

IT IS SO ORDERED.

Dated: April 16, 2010

CLAUDIA WILKEN
United States District Judge