1  Steven R. Blackburn, State Bar No. 154797
   Andrew J. Sommer, State Bar No. 192844
2  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
3  San Francisco, California 94111-5427
   Telephone: 415.398.3500
4  Facsimile: 415.398.0955
   sblackburn@ebglaw.com
5  asommer@ebglaw.com

6  Attorneys for Defendant,
   BANK OF AMERICA, N.A., as successor in interest
7  to Merrill Lynch Bank and Trust, FSB

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  FREDERICK J. CASISSA,                    CASE NO.  C 09 04129 CW

12          Plaintiff,                       (Consolidated Cases)

13     v.                                    **CONFIDENTIALITY STIPULATION
                                             AND PROTECTIVE ORDER**
14  FIRST REPUBLIC BANK, a division of
    MERRILL LYNCH BANK AND TRUST,
15  FSB, DOE 1 through DOE 20,

16          Defendant,

17  ────────────────────────────

18  ELIZABETH RIGGINS,

19          Plaintiff,

20     v.

21  FIRST REPUBLIC BANK, a division of
    MERRILL LYNCH BANK AND TRUST,
22  FSB, DOE 1 through DOE 20,

23          Defendant.

24          The parties in this matter, by and through their respective counsel of record, hereby

25  stipulate and request that the Court enter the following Order regarding the protection of

26  confidential information:

27          1.      The procedures for protecting information set forth in this Order shall govern all

28  information  produced  by  any  party  that  is  designated  as  "Protected  Information"  or

─────────────────────────────────────────────
FIRMWEST:2007718v1                Confidentiality Stipulation and [~~Proposed~~] Protective Order
                                          Case No. C 09 04129 & C 09 04130

1  "Confidential" in the manner set forth below, including without limitation:  (i) answers to

2  written discovery; (ii) documents produced in response to requests for production;

3  (iii) documents and information produced voluntarily in response to informal requests;

4  (iv) interrogatory responses; and (v) deposition testimony.

5        2.      This Order is intended to protect the confidentiality of all documents and

6  information that are not in the public domain and which either party has a good faith belief

7  constitute or contain trade secrets, or other commercial, financial or personnel information.

8        3.      The Court, the parties, the parties' legal counsel, any court reporters and

9  mediators employed in this case, and their respective officers, employees, clerks, associates, and

10  staffs, serving in this action (collectively the "Authorized Persons") and any witnesses to be

11  called by the parties in this action shall be the only persons afforded access to information

12  protected by this Order (hereinafter the "Protected Information").  Management employees of

13  Defendant Bank of America, N.A. and any of its affiliated entities also are considered

14  "Authorized Persons."  Experts and consultants employed by counsel or the parties in

15  connection with this case, and the staffs of such experts or consultants also shall be considered

16  "Authorized Persons," provided that they have executed an acknowledgment in the form

17  attached as **Exhibit A** to this Stipulation and Order.  No Authorized Person shall:  (i) use the

18  Protected Information for any purpose other than the prosecution or defense of this litigation; or

19  (ii) provide, copy or otherwise disclose any item of Protected Information to any person other

20  than the aforementioned Authorized Persons.

21        4.      Any party who believes in good faith that a particular document or item of

22  information is properly protected under this Order shall designate it as such by one or more of

23  the following methods:

24              (i)      provide written notice to all parties describing the information with

25  particularity;

26              (ii)     with respect to documents, mark each page of each such document with

27  the word "CONFIDENTIAL;"

28              (iii)    with respect to interrogatory responses, mark each response with the

- 2 -

word "CONFIDENTIAL;" and

        (iv)    with respect to deposition transcripts, mark each page of each such transcript with the word "CONFIDENTIAL."

     Any party who believes in good faith that a particular document or item of information is properly protected under this Order shall implement the procedures set forth in this paragraph with all reasonable dispatch.

     5.    Each party shall be responsible for clearly marking or otherwise designating all Protected Information in its possession, custody and control and for taking all other steps reasonably necessary to ensure that persons other than Authorized Persons do not, directly or indirectly, gain access to Protected Information.

     6.    If Protected Information is included in any papers to be filed in Court, such papers shall be filed under seal pursuant to Civil Local Rule 79-5.

     7.    Nothing in this Order shall preclude a person whose name appears on the document as an author or recipient, or who is otherwise shown to have authored or previously received a particular item of Protected Information, from reviewing said Protected Information regardless of whether or not said person is an Authorized Person within the meaning of this Order.

     8.    Any party who believes that a particular item of Protected Information previously designated pursuant to paragraph 4 above is not properly protectable within the meaning of this Order shall be free to object at any time.  Similarly, any party wishing to have an additional person other than those described in paragraph 3 above listed as an Authorized Person within the meaning of this Order may request in writing that the other party stipulate that such person be added to the list of Authorized Persons.  If no written objection is received within ten days, such person shall become an Authorized Person upon execution of the acknowledgment attached to this Stipulation and Order as Exhibit A.  The parties shall attempt to resolve informally any objections to the designation of Protected Information or to the addition of persons to the Authorized Persons list.  If agreement is not possible, either Party shall be entitled to bring the dispute before the Court by motion.  After considering the parties'

respective arguments, the Court shall determine whether or not the information at issue shall continue to be accorded Protected Information status or whether the person at issue shall be added to the Authorized Person list.  The party designating the information as Protected Information shall have the burden of proving that the information has been properly designated.

9.      Nothing in this Order shall be deemed a waiver of any party's right to seek from the Court reduced, different or additional protection with respect to any document or information previously designated as Protected Information under this Order or to challenge a party's use or possession of any such document or information.

10.      No party shall be required to object to the designation of any particular item of information as Protected Information, and failure to make timely objections shall not constitute a waiver or otherwise bar a party from objecting at a later date.

11.      This Order shall not abrogate or diminish any party's contractual, statutory or other right or obligation to maintain any information in confidence.

12.      The fact that a given item of information is or is not Protected Information within the meaning of this Order shall not be admissible in evidence or otherwise considered by the trier of fact in resolving the merits of this case.

13.      Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall destroy or return all material designated as Protected Information, including all copies thereof.  The owner of the Protected Information may specify whether the documents and information must be destroyed or returned. Written confirmation of compliance with this requirement shall be provided upon request.  This provision shall not bar Defendant Bank of America, N.A. and any of its affiliated entities from retaining any Protected Information which constitutes records that it is required as a corporation to retain under state or federal law.

14.      The parties submit this document for the Court's consideration and approval as an Order.  It shall not be construed to create a contract between the parties and their respective counsel.

15.      Nothing in this Order precludes the parties from using confidential documents as

- 4 -

1    evidence in Court.

2        16.    In the event a party intends to use Protected Information of the other party in

3    support or opposition to any Motion before the Court, such party shall advise the other party at

4    least five days before such filing to enable the parties to enter into a stipulation permitting the

5    filing or if a stipulation cannot be reached, the filing party can bring a motion for filing under

6    seal.

7        17.    To the extent that Protected Information is hereinafter admitted or placed into

8    evidence, the Court may issue such additional orders as may be needed to protect the

9    confidentiality of the Protected Information.  This Order may not be modified or terminated, in

10   whole or in part, except by order of the Court (i) for good cause shown, or (ii) upon written

11   stipulation of the parties.   This Order shall survive and remain operative following the

12   termination of this action.

13       18.    This Protective Order may be executed in counterparts.

14   DATED:  March 8, 2011                     EPSTEIN BECKER & GREEN, P.C.

15

16                                            By:  /s/ Steven R. Blackburn
                                                   Steven R. Blackburn
17                                                 Andrew J. Sommer
                                              Attorneys for Defendant
18                                            BANK OF AMERICA, N.A.

19

20
     DATED:  March 3, 2011                     LAW OFFICES OF STEPHEN R. JAFFE
21

22
                                              By:  /s/ Stephen R. Jaffe
23                                                 Stephen R. Jaffe
                                              Attorneys for Plaintiffs
24                                            FREDERICK J. CASISSA and
                                              ELIZABETH RIGGINS
25

26

27

28

- 5 -

1    **IT IS SO ORDERED**

2

3

4    DATED:  **3/9/2011** _
     _____
     UNITED STATES DISTRICT JUDGE CLAUDIA WILKEN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

Confidentiality Stipulation and [Proposed] Protective Order
Case No. C 09 04129 & C 09 04130

1

**EXHIBIT A**

2

**AGREEMENT TO BE BOUND BY STIPULATION
AND ORDER REGARDING CONFIDENTIALITY**

3

4

I, _____, hereby acknowledge that I have read and

5

understand the Stipulation and Order Regarding Confidentiality (the "Order") in the case of

6

Frederick Casissa and Elizabeth Riggins v. First Republic Bank, a division of Merrill Lynch

7

Bank and Trust, FSB.  I agree to comply with all requirements of the Order.

8

This Acknowledgment was executed on _____, 2010, at

9

_____ California.

10

11

12

_____
[signature]

13

14

15

_____

16

[typed name]

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -