| | |
|---|---|
| Stephen M. Murphy, State Bar No. 103768<br>P. Bobby Shukla, State Bar No. 229736<br>LAW OFFICES OF STEPHEN M. MURPHY<br>353 Sacramento Street, Suite 1140<br>San Francisco, California 94111<br>Phone: (415) 986-1338<br>Fax: (415) 986-1231<br><br>Attorneys for Plaintiffs,<br>FREDERICK J. CASISSA and<br>ELIZABETH RIGGINS | Steven R. Blackburn, State Bar No. 154797<br>Andrew J. Sommer, State Bar No. 192844<br>EPSTEIN BECKER & GREEN, P.C.<br>One California Street, 26th Floor<br>San Francisco, California 94111-5427<br>Telephone: 415.398.3500<br>Facsimile: 415.398.0955<br><br>Attorneys for Defendant,<br>BANK OF AMERICA, N.A. (as successor in interest to Merrill Lynch Bank and Trust, FSB) |

Stephen R. Jaffe, State Bar No. 49539
LAW OFFICES OF STEPHEN R. JAFFE
101 California Street, Suite 2450
San Francisco, CA 94111
Phone: (415) 618-0100
Fax: (415) 618-0080

Attorney for Plaintiffs,
FREDERICK J. CASISSA and
ELIZABETH RIGGINS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. CASISSA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST, FSB, DOE 1 through DOE 20,<br><br>　　　　Defendants. | CASE NO. C 09 04129 CW EDL<br>CASE NO. C 09 04130 CW EDL<br>(Consolidated Cases)<br><br>**JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ORDER**<br>Date: Thursday, March 13, 2011<br>Time: 10:00 a.m.<br>Courtroom: E, 15th Floor<br>Hon. Elizabeth D. Laporte<br><br>Removal filed: September 4, 2009<br>Trial: August 21, 2012 |
| ELIZABETH RIGGINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST, FSB, DOE 1 through DOE 20,<br><br>　　　　Defendants. | |

Pursuant to the Court's instruction, the parties, by and through their counsel of record, submit the following Joint Statement regarding Plaintiff's Motion to Compel Production of Documents:

On March 16, 2012, the parties' counsel met and conferred over pending issues from Plaintiffs' motion.

**Request for Production No. 10:**

Defendant stipulates that the Plaintiffs were not terminated because of their handling of matters involving Ronald Baron and Sandell Assets.

After a reasonable and diligent search, Defendant has not located any responsive files, folders and subfolders that are stored, recorded or otherwise preserved under either Plaintiff's name and contain the heading "2007 investigations." See Declaration of Manuel Medina ("Medina Dec."), Exhibit A, ¶¶ 3, 4; Declaration of Andrew J. Sommer ("Sommer Dec."), Exhibit B, ¶ 2. In addition, most potentially responsive documents referring to the underlying subject matter are protected from disclosure because they relate to Suspicious Activity Reports See 31 U.S.C. § 5318(g) and the related regulations at 12 C.F.R. § 21.11(k) and 31 C.F.R. § 1020.320(d). This prohibition extends broadly to any draft of a SAR, the process of preparing the SAR, and any information that would reveal the existence of a SAR. 31 CFR Part 103. See *Cotton v. Privatebank & Trust Co.*, F.Supp.3d 809, 815 (N.D. Ill. 2002)("[d]ocuments representing drafts of SARS or other work product or privileged communications that relate to the SAR itself…are not to be produced because they would disclose whether a SAR has been prepared or filed"); see also *Union Bank v. Superior Court*, 130 Cal.App.4th 378, 398 (2005).

In connection with its voluminous ESI review, Defendant reviewed documents saved under Plaintiffs' names relating to Ronald Baron and Sandell Assets applying the designated search terms. Defendant is also completing production of the remaining documents from Plaintiffs' home directories using key word searches for "Salander," and anticipates producing such non-privileged documents subject to the protective order by March 26, 2012. Sommer Dec., ¶ 4; Medina Dec., ¶¶ 4, 5.

**Request for Production Nos. 12 and 13:**

After a reasonable and diligent search, Defendant has not located any responsive files, folders and subfolders that are stored, recorded or otherwise preserved under either Plaintiff's name and contain the heading "FinCen 314b ~ 2007" or "FinCen 314b ~ 2008." See Medina Dec., ¶¶ 4, 5; Sommer Dec., ¶ 3. However, the blanket request for all 314(b) requests and responses for this period is improper. 314(b) requests and responses between authorized financial institutions regarding potential suspicious are protected against disclosure. See 31 U.S.C. § 5318(g) and 31 C.F.R. § 1010.540(b)(4)(ii)([e]ach financial institution or association of financial institutions that engages in the sharing of information pursuant to this section shall maintain adequate procedures to protect the security and confidentiality of such information).

The 314(b) matters saved under Plaintiffs' names in their home directories under different descriptions concern communications between financial institutions about potential suspicious activity. See Medina Dec., ¶¶ 4, 5; Sommer Dec., ¶ 3.

**Request for Production Nos. 16, 23 and 30:**

~~Per the Court's tentative ruling~~, Defendant will produce subject to the protective order subpoenas responsive to Request No. 16, including federal grand jury and Department of Justice Subpoenas for the period March 20, 2007 to March 19, 2008, with appropriate redactions. Defendant anticipates producing these subpoenas by April 15, 2012.

**Request for Production No. 22:**

Defendant will provide for *in camera* review the Declaration of Jennifer Marre, which supports the basis for Defendant's assertion of attorney work product protection as to the PricewaterhouseCoopers analytic report. The Court has reviewed the declaration of Jennifer Marre and concludes that is supports Defendant's work product assertion over the PWC analytic report.

**Request for Production No. 28:**

Defendant provides the attached Declaration of Manuel Medina regarding the First Republic Bank Division's standard practices regarding the preservation of employees' hard drives, and the restoration of Plaintiffs' data for use in this litigation.

**Request for Production No. 29:**

Per Plaintiffs' request, Defendant has identified the entries from its privilege log which concern withheld or redacted documents responsive to this request.

**Resolution of Pending Discovery Dispute**

Plaintiffs agree that the parties met and conferred and that the above matters were discussed.  Plaintiffs also agree that this resolves the pending discovery dispute without prejudice to Plaintiffs' renewing their requests for documents if new information is discovered.

DATED: March 20, 2012                    EPSTEIN BECKER & GREEN, P.C.

By: /s/ *Andrew J. Sommer*
Andrew J. Sommer

Attorneys for Defendant
BANK OF AMERICA, N.A. (as successor in interest to Merrill Lynch Bank and Trust, FSB)

DATED: March 20, 2012                    LAW OFFICES OF STEPHEN M. MURPHY

By: /s/ Stephen M. Murphy
Stephen M. Murphy
Attorney for Plaintiffs,
FREDERICK J. CASISSA and
ELIZABETH RIGGINS

IT IS SO ORDERED:
Dated: March 30, 2012

*Elizabeth D. Laporte*
MAGISTRATE JUDGE ELIZABETH D LAPORTE