IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. CASISSA,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 09-4129 CW<br><br>ORDER GRANTING MOTION AND STIPULATION TO FILE UNDER SEAL (Docket Nos. 118 and 124) |
| ELIZABETH RIGGINS,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 09-4130 CW |

    Defendant Bank of America, N.A., as successor in interest to Merrill Lynch Bank and Trust FSB, moves to file under seal portions of Exhibits A, B, and H, and the entirety of Exhibit I attached to the declaration of Andrew J. Sommer in support of Defendant's motion for summary judgment on the claims filed against it by Plaintiffs Frederick J. Casissa and Elizabeth Riggins. Docket No. 124. Defendant has submitted a declaration in support of its motion to file under seal. The parties have also filed a stipulation agreeing that these documents should be filed under seal. Docket No. 118.

In the declaration and stipulation, the parties represent that the exhibits, or portions thereof, they seek to file under seal are excerpts of deposition transcripts that contain several types of confidential information. First, the transcripts contain non-public personal information of bank customers. Sommer Decl. ¶ 3; Stipulation ¶ 2. The excerpts also include information regarding Defendant's Anti-Money Laundering/Bank Secrecy Act operation, which, if disclosed, would provide the general public insight into how banks detect suspicious activity. Sommer Decl. ¶ 3; Stipulation ¶ 2. Finally, the excerpts concern an investigation into a bank customer, for which the parties agreed to a limited waiver of attorney-client privilege and attorney work product protection regarding Defendant's response to a grand jury subpoena. Sommer Decl. ¶ 4; Stipulation ¶ 3.

Defendant's filings are connected with a dispositive motion. Thus, to establish that the documents are sealable, Defendant "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a).

The parties have provided reasons supporting the sealing of portions of Exhibits A, B, and H, and the entirety of Exhibit I to

2

the Sommer Declaration.  Accordingly, Defendant's motion and the parties' stipulation are GRANTED (Docket Nos. 118 and 124). Within three days of the date of this Order, Defendant shall file these documents under seal, in accordance with General Order 62.

IT IS SO ORDERED.

Dated: 5/15/2012

CLAUDIA WILKEN
United States District Judge

3