IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. CASISSA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20,<br><br>　　　Defendants.<br>_____/ | No. C 09-4129 CW<br><br>ORDER REGARDING MOTION AND STIPULATION TO FILE UNDER SEAL<br>(Docket No. 127) |
| ELIZABETH RIGGINS,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20,<br><br>　　　Defendants.<br>_____/ | No. C 09-4130 CW |

　　Plaintiffs Frederick J. Casissa and Elizabeth Riggins move to file under seal all of the evidence they offer in connection with their opposition to the motion for summary judgment filed by Defendant Bank of America, N.A. Docket No. 127. These documents are their own declarations, including the exhibits attached thereto, and the declaration of Stephen M. Murphy, including the five depositions excerpts attached thereto. The parties have also filed a stipulation agreeing that these documents should be filed under seal. Docket No. 127-2.

　　In Plaintiffs' declaration in support of the motion seal and the parties' stipulation, the parties generally represent that the

documents that they seek to file under seal contain non-public personal information of bank customers. Stipulation ¶ 2; Shukla Decl. ¶ 3. However, the parties do not specify which particular documents contain such information, or if all documents they seek to seal do. Plaintiffs also state that they have a "good faith belief" that their declarations and "documents stamped as 'Confidential' . . . contain privileged and otherwise protected information." Shukla Decl. ¶ 3. However, Plaintiffs do not specify why these documents are privileged or otherwise protected.

    Plaintiffs' filings are connected with a dispositive motion. Thus, to establish that the documents are sealable, Plaintiffs "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a).

    On the current record, the Court cannot determine whether the documents are sealable. Within three days of the date of this Order, Plaintiffs shall file a supplemental declaration, identifying with particularity the specific reason or reasons that they believe support the sealing of each declaration and each exhibit thereto. Plaintiffs shall also specify whether they

2

believe these reasons support the sealing of each document in its entirety or of a portion thereof.

IT IS SO ORDERED.

Dated: 5/30/2012

CLAUDIA WILKEN
United States District Judge