IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. CASISSA,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 09-4129 CW<br><br>ORDER REGARDING DEFENDANT's MOTION TO FILE UNDER SEAL (Docket No. 131) |
| ELIZABETH RIGGINS,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 09-4130 CW |

    Defendant Bank of America, N.A. seeks leave to file under portions of Exhibits B and C to the declaration of Andrew J. Sommer, submitted with its reply in support of its motion for summary judgment on the claims brought against it by Plaintiffs Frederick J. Casissa and Elizabeth Riggins. Docket No. 131. The parties have also filed a stipulation agreeing that these documents should be filed under seal. Docket No. 131-2.

    Defendant's filings are connected with a dispositive motion. Thus, to establish that the documents are sealable, Defendant "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . .

outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civil Local Rule 79-5(d).

First, Defendant seeks to seal excerpts from Ms. Tuccillo's deposition that concern confidential aspects of Defendant's Anti-Money Laundering/Bank Secrecy Act program, because, if disclosed, this information would provide the general public insight into how it detects suspicious activity. Sommer Decl. ¶ 5. The Court has previously found similar information to be sealable. See Docket No. 125. Accordingly, the Court GRANTS Defendant's motion to the extent it pertains to these portions of Ms. Tuccillo's deposition.

Second, Defendant seeks to seal portions of Mr. Werner's deposition testimony concerning the investigation of events related to a bank customer identified as Doe 3. Defendant represents that this testimony is related to its response to a grand jury subpoena involving Doe 3 and is protected by the attorney-client privilege and attorney work product doctrine, for which the parties have agreed to a limited waiver for this litigation. Sommer Decl. ¶ 5. Accordingly, the Court GRANTS

2

Defendant's motion to the extent it pertains to these portions of Mr. Werner's deposition.

Finally, Defendant seeks to seal portions of the deposition testimony of both Mr. Werner and Ms. Tuccillo that pertain to bank customers identified as Does 1 and 2. Defendant represents that "it is necessary to file these excerpts under seal to prevent disclosure of non-public personal information of its customers." Sommer Decl. ¶ 4. However, neither deposition appears to include non-public personal information of Does 1 and 2.

Accordingly, Defendant's motion is GRANTED as to the portions of the deposition testimony specified above. Within three days of the date of this Order, Defendant shall file those portions under seal.

Defendant is granted leave to file a supplemental declaration within three days of the date of this Order, explaining with specificity the need to file the remainder of the Werner and Tuccillo deposition excerpts under seal, including an explanation of what non-public personal information of bank customers it believes would be disclosed by public filing of these excerpts. Failure to comply with this Order will result in the denial of the remainder of Defendant's motion.

IT IS SO ORDERED.

Dated: 6/7/2012

CLAUDIA WILKEN
United States District Judge