IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. CASISSA, | No. C 09-4129 CW |
|      Plaintiff, | ORDER REGARDING MOTION AND |
|   v. | STIPULATION TO FILE UNDER SEAL |
| FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20, | (Docket No. 127) |
|      Defendants. | |

_____/

| | |
|---|---|
| ELIZABETH RIGGINS, | No. C 09-4130 CW |
|      Plaintiff, | |
|   v. | |
| FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20, | |
|      Defendants. | |

_____/

On May 24, 2012, Plaintiffs Frederick J. Casissa and Elizabeth Riggins filed a motion to file under seal all of the evidence they offer in connection with their opposition to the motion for summary judgment filed by Defendant Bank of America, N.A. Docket No. 127. The parties have also filed a stipulation agreeing that these documents should be filed under seal. Docket No. 127-2. In their stipulation, the parties stated that the documents had been "designated as confidential by one or more parties in the course of this litigation," but did not state which party had made the designation. Id. at ¶ 2.

On May 30, 2012, the Court ordered Plaintiffs to file a supplemental declaration, demonstrating with particularity the need to file each document or portion thereof under seal. Docket No. 130.

On June 4, 2012, Plaintiffs filed a supplemental declaration, limiting the documents that they seek to file under seal to the entirety of Exhibits B and C to the Murphy declaration, portions of Exhibits D and E to the Murphy declaration, paragraphs five through seven of the Casissa declaration, paragraphs three through nine of the Riggins declaration and Exhibit C[1] to the Riggins declaration. Plaintiffs state that Defendant has designated the exhibits to the Murphy declaration as confidential. Plaintiffs do not state which party designated the information in the remainder of the documents as confidential.

Plaintiffs' filings are connected with a dispositive motion. Thus, to establish that the documents are sealable, the parties "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies

---

[1] Plaintiffs appear to have inadvertently switched the contents of Exhibits B and C to the Riggins Declaration. In the chambers copy provided to the Court, Plaintiffs included Riggins's termination letter in Exhibit C and an email from Riggins to Casissa, with an attached news article, in Exhibit B. However, in the declaration itself, Riggins states that her termination letter is attached Exhibit B and the email and article are in Exhibit C. Riggins Decl. ¶¶ 2-3.

When referring to Exhibit C to the Riggins Declaration in this Order, the Court refers to the document that it appears Plaintiffs intended to include in Exhibit C, the email from Riggins to Casissa and the attached article.

United States District Court
For the Northern District of California

favoring disclosure.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civil Local Rule 79-5(a).  If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable.  Civil Local Rule 79-5(d).

In their supplemental declaration, Plaintiffs represent that the documents that they seek to file under seal contain several types of confidential information.  First, they state that these documents "concern non-public personal information of bank customers."  Shukla Suppl. Decl. ¶ 7.  Second, the documents include information regarding "aspects of Defendant's Anti-Money Laundering/Bank Secrecy Act operations."  Id.  Defendant has previously maintained that disclosure of such information would provide the general public insight into how banks detect suspicious activity.  Finally, the documents concern an investigation into a bank customer, for which the parties agreed to a limited waiver of attorney-client privilege and attorney work product protection, for the purposes of this litigation, regarding Defendant's response to a grand jury subpoena.  Id.

However, Plaintiffs have not identified with particularity the specific reason or reasons that they believe support the sealing of each declaration and exhibit or portion thereof. Plaintiffs do not state to which documents or portions thereof

United States District Court
For the Northern District of California

1   each of their proffered reasons for sealing pertain.  Further, it

2   does not appear that all of the exhibits that they seek to seal

3   are sealable.  For example, Exhibit C to the Riggins Declaration

4   contains an email between Plaintiffs attaching a news article,

5   apparently published in Bloomberg.  Plaintiffs seek to seal

6   Exhibit C in its entirety.  Shukla Suppl. Decl. ¶ 4.  Plaintiffs

7   provide no compelling reasons that would prevent public disclosure

8   of this news article, in light of the fact that the information in

9   the article is already publicly known.

10      The declarations submitted by Plaintiffs and the parties'

11  stipulation are insufficient to support the sealing of these

12  documents at this time.

13      Within one day of the date of this Order, Plaintiffs shall

14  file a declaration stating which party has designated as

15  confidential the portions of the Casissa declaration, the portions

16  of the Riggins declaration and Exhibit C to the Riggins

17  declaration.  Within two days of this Order, the party who has

18  designated each document as confidential shall file a declaration

19  setting forth with particularity the reasons that would support

20  the sealing of that document.  The designating party's failure to

21  comply with this Order may result in the filing of these documents

22  in the public record.

23      IT IS SO ORDERED.

24

25  Dated: 6/7/2012

    CLAUDIA WILKEN
    United States District Judge

26

27

28