IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. CASISSA,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 09-4129 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO FILE UNDER SEAL AND GRANTING IN PART PLAINTIFFS' MOTION TO FILE UNDER SEAL (Docket Nos. 127 and 131) |
| ELIZABETH RIGGINS,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST REPUBLIC BANK, a division of MERRILL LYNCH BANK AND TRUST FSB; and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 09-4130 CW |

    Plaintiffs Frederick J. Casissa and Elizabeth Riggins and Defendant Bank of America, N.A. seek leave to file under seal certain documents submitted in connection with Defendant's motion for summary judgment.  Pursuant to the Court's orders of June 7, 2012, the parties have filed supplemental declarations in support of their motions to file under seal.  Having considered their supplemental declarations, the Court GRANTS Defendant's motion to file under seal and GRANTS in part and DENIES in part Plaintiffs' motion to file under seal.

    Plaintiffs originally sought to file under seal all evidence that they submitted with their opposition to Defendant's motion.

On June 4, 2012, Plaintiffs filed a supplemental declaration, limiting the documents that they seek to file under seal to the entirety of Exhibits B and C to the Murphy declaration, portions of Exhibits D and E to the Murphy declaration, paragraphs five through seven of the Casissa declaration, paragraphs three through nine of the Riggins declaration and Exhibit C to the Riggins declaration. Plaintiffs state that Defendant has designated the exhibits to the Murphy declaration as confidential; these exhibits contain excerpts from the deposition testimony of Edward Dobranski, David Montez, William J. Fox and Robert Werner, and the exhibits from those depositions. Plaintiffs also state that Defendant has designated Exhibit C to the Riggins declaration as confidential.

With its reply in support of its motion for summary judgment, Defendant seeks to file another portion of the Werner deposition under seal.

The parties' filings are connected with a dispositive motion. Thus, to establish that the documents are sealable, they "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a). If a

2

document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civil Local Rule 79-5(d).

Defendant seeks to seal certain documents that it represents pertain to bank customers identified as Does 1 and 2, including pages 30-32, 36, 37 and 126:25-128:02 of the Werner deposition transcript, Exhibits 7, 8 and 3 to the Werner deposition, paragraphs three through five and Exhibit C of the Riggins declaration, and paragraphs five and six of the Casissa declaration. Defendant represents that the information contained in these exhibits would reveal the identities of customers who were the subject of a suspicious activity report, which is confidential under federal law. Sommer Suppl. Decl. ¶¶ 2, 4-6. Accordingly, the Court GRANTS the parties' motions to the extent they pertain to these documents.

Defendant also requests that certain documents that concern the investigation of events related to a bank customer identified as Doe 3 be filed under seal. These documents are pages 94, 95, 97, 98, and 107 from the Dobranski deposition transcript, pages 56-73, 76-78, 80-81, 83-89, 91, 102-104, 107-08, 113-14 and 162 of the Werner deposition transcript, Exhibits 14, 16-18, and 23-27 to the Werner deposition, paragraph seven of the Casissa declaration and paragraphs 5-9 of the Riggins declaration. Defendant represents that these documents are related to its response to a grand jury subpoena involving Doe 3 and is protected by the attorney-client privilege and attorney work product doctrine, for which the parties have agreed to a limited waiver for this litigation. The Court has previously found similar information to

3

1  be sealable.  See Docket Nos. 125 and 135.  Accordingly, the Court
2  GRANTS Plaintiffs' motion to the extent it pertains to these
3  documents.
4      Finally, Defendant seeks to seal certain documents that it
5  states concern confidential aspects of Defendant's Anti-Money
6  Laundering/Bank Secrecy Act program, because, if disclosed, this
7  information would provide the general public insight into how it
8  detects suspicious activity.  These documents include pages 19-21
9  of the Fox deposition transcript and pages 42-43 of the Werner
10 deposition transcript.  The Court has previously found similar
11 information to be sealable.  See Docket Nos. 125 and 135.
12 Accordingly, the Court GRANTS Plaintiffs' motion to the extent it
13 pertains to these documents.
14     Plaintiffs withdrew their request to file under seal the
15 other paragraphs of the Casissa and Riggins declarations and the
16 deposition transcript of Daniel Ben-Ora.  Further, neither party
17 has filed a declaration in support of the sealing of any portion
18 of the Montez deposition transcript or the portions of the
19 Dobranski, Fox and Werner deposition transcripts not specifically
20 identified above.  Accordingly, Plaintiffs' motion to seal is
21 DENIED to the extent that it seeks to seal these items.

4

Accordingly, the parties' motions are GRANTED as to the documents specified above, and Plaintiffs' motion is DENIED as to the remaining documents (Docket Nos. 127 and 131). Within four days of the date of this Order, the parties shall file the documents specified above under seal, and shall file their remaining documents in the public record.

IT IS SO ORDERED.

Dated: 6/11/2012

CLAUDIA WILKEN
United States District Judge